NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3965
_____

UNITED STATES OF AMERICA

v.

JAMIEK MOORE,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-17-cr-00190-001
District Judge: The Honorable Reggie B. Walton
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 8, 2021

Before: SMITH, *Chief Judge*, McKEE, and AMBRO, *Circuit Judges*

(Filed  April 13, 2021)

1

_____

OPINION[1]
_____

SMITH, *Chief Judge*.

This matter comes before the Court on Defendant-Appellant Jamiek Moore's direct appeal of his December 19, 2019 conviction on multiple controlled substance and firearm offenses. We will affirm for the reasons that follow.

I.

In April 2017, federal agents executed a search warrant at a residence in Pittsburgh, Pennsylvania and seized a handgun registered to a man named James Marker, who did not reside there. Federal agents suspected, and later confirmed, that Marker was acting as a straw purchaser for Moore, with Marker purchasing firearms in exchange for heroin.

Moore was arrested on May 15, 2017. That day, federal agents executed a search of an apartment associated with Moore and a Ford Explorer parked outside. The agents seized from the apartment physical evidence consistent with a heroin-distribution operation, two loaded handguns, multiple cellphones, and marijuana. They also seized from the Ford Explorer a bag containing heroin, a firearm backstrap, money bands, a cellphone, and documents bearing Moore's name. Moore was released from custody shortly after his arrest.

---

[1] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

After Moore's release from custody, law enforcement obtained a search warrant to install a tracking device on the Ford Explorer. Tracking showed that Moore frequently visited a residence in Penn Hills, Pennsylvania, and video surveillance showed Moore entering and leaving that residence with Jaimere Dehonney, Moore's co-defendant.

On June 8, 2017, federal agents executed search warrants at the Penn Hills residence and a Jeep Grand Cherokee belonging to Dehonney. From the residence, agents retrieved a loaded pistol that Marker had purchased, heroin, cellphones, paperwork bearing Moore's name, and other evidence consistent with a heroin distribution operation. Photographs recovered from the cellphones showed Moore posing with several of the guns. Agents also seized from the Jeep Grand Cherokee an unzipped duffle bag containing approximately $28,000 in cash, two firearms, a bottle of pills, and heroin.

A federal grand jury returned a five-count indictment, charging Moore with multiple controlled substance and firearms offenses. Moore's bench trial began on March 13, 2019. The District Court found Moore guilty on all five counts and sentenced him to 130 months imprisonment.

## II.[1]

Moore raises two arguments on appeal. First, he contends the District Court erred by relying upon improperly admitted expert testimony. Second, he argues that the evidence was insufficient to support his conviction on Count Two—possession of a firearm in furtherance of a drug-trafficking offense. We will address each argument in turn.

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

**A.     It Was Not Plain Error for the District Court to Admit Detective Michael Warfield's Testimony**

Moore first argues that the Government's drug-trafficking expert, retired Detective Michael Warfield, exceeded the bounds of proper expert testimony and relied on the investigation, rather than specialized knowledge, to interpret drug-coded text messages. Because Moore's trial counsel did not object to Detective Warfield's testimony, we review for plain error. *See United States v. Gambino*, 926 F.2d 1355, 1362 (3d Cir. 1991).

To the extent there was any error in admitting Detective Warfield's testimony—and we are not convinced there was—Moore fails to show that his substantial rights were impaired. There was significant evidence at trial apart from Detective Warfield's testimony supporting the District Court's determination that Moore and Dehonney both conspired to and engaged in a drug-trafficking scheme. That evidence included significant amounts of heroin packaged in stamped bags, large sums of cash, and photographs from Moore's cellphone depicting him with guns that Marker purchased for Moore in exchange for heroin.

Although Moore takes issue with several minute portions of Detective Warfield's testimony, on the whole, the Detective's testimony interpreting a substantial amount of text message exchanges was admissible. That testimony clearly demonstrated Moore's involvement in the illegal activities for which he was convicted. *See, e.g. United States v. Gibbs*, 190 F.3d 188, 213 (3d Cir. 1999) (affirming the defendant's conviction after finding that most, although not all, of the expert witness's testimony was admissible); *see also United States v. Castro*, 704 F.3d 125, 136 (3d Cir. 2013) ("[A] manifest miscarriage of

4

justice warranting reversal on plain error review occurs only where the record is devoid of evidence pointing to guilt . . . .") (internal quotation marks and citation omitted). Accordingly, we reject Moore's argument.

**B.       The Evidence Was Sufficient to Support Moore's Conviction**

Moore next argues that the evidence was insufficient to support his conviction on Count Two because the Government failed to demonstrate that his § 924(c) firearms offense was committed in furtherance of the conspiracy. "Our standard of review in sufficiency of the evidence challenges is highly deferential." *United States v. Bailey*, 840 F.3d 99, 109 (3d Cir. 2016). As such, "[a] sufficiency challenge fails if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis, internal quotation marks, and citation omitted).

Following the bench trial, the District Court proceeded under the *Pinkerton* theory of vicarious liability to hold Moore vicariously liable for the firearms found in the Jeep Grand Cherokee that furthered the conspiracy. *See Pinkerton v. United States*, 328 U.S. 640 (1946). The *Pinkerton* doctrine allows the Government to "prove the guilt of one defendant through the acts of another committed within the scope of and in furtherance of a conspiracy of which the defendant was a member, provided the acts are reasonably foreseeable as a necessary or natural consequence of the conspiracy." *United States v. Lopez*, 271 F.3d 472, 480 (3d Cir. 2001).

Here, we conclude there is sufficient evidence to support the District Court's finding that Moore was vicariously liable for the firearms in the Jeep Grand Cherokee and that

5

such vicarious liability furthered the drug-trafficking conspiracy. Law enforcement officers recovered a bag from the Jeep Grand Cherokee that contained two guns placed on top of cash and heroin. One of those guns was purchased by Marker, who acted as a straw purchaser for Moore, and a photograph retrieved from Moore's cellphone depicted Moore holding that gun.

Additionally, Detective Warfield testified that the quantity of heroin found in the bag indicated an intent to distribute and that the cash was likely the proceeds from the distribution of illegal drugs. Detective Warfield also testified that those engaged in illicit drug activities often carry guns "to protect the person, protect the product, or protect the money." App. 402. Thus, Moore failed to demonstrate that no rational fact-finder could have found that Moore's possession of those firearms furthered the drug-trafficking conspiracy.

We will affirm the District Court's December 19, 2019 criminal judgment.